ROSENBERG v. THE CITY OF DES MOINES.

1. **Municipal Corporations**: DEFECT IN STREET: DAMAGES. To render a city liable for damages caused by a defect in its streets, actual notice of it need not be shown; notice may be inferred from the notoriety of the defect, or from its continuation for such a length of time as to charge the proper officers of the city with knowledge of its existence, or with negligence in not knowing it.

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 25.

THE plaintiff alleges that in November, 1871, her horse fell into a deep and dangerous water ditch, in the streets of defendant, which was negligently permitted to remain open, uncovered, and in a dangerous condition. On account of the injury inflicted, she claims two hundred dollars damages.

The answer denies all the allegations of the petition. The ditch was dug by the Laborer's Union, under a contract with the Des Moines Water Company, a corporation duly organized. - The ordinance under which this company was authorized to construct water works provides that the company shall not unnecessarily obstruct any street or avenue, that they shall complete any part of the work commenced as speedily as possible, and restore the street to as good condition as before the work commenced, and that they shall be liable for all injury to persons or property caused by the negligence, fault, or mismanagement of itself or any of its employes, while engaged in the construction or operation of said works. That should the city be sued for any injury inflicted, the company, or some officer thereof, shall be notified of the suit, and it shall be the duty of the company to defend or settle the same, and should judgment go against the city, it shall recover the amount, with all costs from the company, and the record of judgment against the city shall be conclusive evidence, in any suit to recover the amount, against the company.

This notice was given, and the attorney of the Des Moines Water Company assisted at the trial of the cause in the Circuit Court.

There was a jury trial, and a verdict and judgment for plaintiff for $60.00. Defendant appeals.

*C. P. Holmes* and *J. S. Polk*, for appellant.

The principle of *respondeat superior* does not extend to cases of independent contracts where the party for whom the work is to be done has no choice in the selection of workmen, and no control over the manner of doing the work under the contract. (2 Dill. on Mun. Corp., § 792.) Negligence must be affirmatively shown, and the mere existence of a defect in a sidewalk is not enough to establish negligence on the part of the corporation. It must be shown to have caused or assented to it, or with knowledge, permitted it to remain. (*Doulon v. Clinton*, 33 Iowa, 397.) Under the statutes of this state, the fee of the whole street is in the city.

*Finch & Sickmon*, for appellee.

Plaintiff had the option to sue either the city or the water company, its grantee, and the same facts would entitle her to recover in either case. (2 Dill. on Mun. Corp., § 791.)

It was the duty of the city to give to the work done in its streets by the water company, the same degree of attention that would have been required if the work had been done by itself. (*Hart v. Brooklyn*, 36 Barb., 226.) The ground of action against municipal corporations for defects in streets is, *inter alia*, misfeasance by others under its authority, in doing acts which cause the streets to be out of repair, in which case no other notice to the corporation of the condition of the street is essential to its liability. (2 Dill. Mun. Corp., § 789.)

DAY, J.—The only point made by appellant is that the verdict is contrary to the instructions, and not sustained by the evidence. Upon request of defendant the court instructed the jury as follows:

"4. That the defendant is only liable for ordinary care in keeping its streets in repair; ordinary care being such care as a prudent man would exercise in regard to his own affairs, under like circumstances."

"5. The construction of water works in the streets of the city of Des Moines was a right the city had by law, and it might lawfully delegate such right to the Des Moines Water Company, and such company, in putting in such works, would be held to use no greater diligence in keeping the streets in repair than the city would, if constructing them."

"6. If the injury complained of resulted from a latent defect in the street caused by the sudden settling of the water trench, by reason of recent rains, or from any other cause which could not be guarded against by ordinary care on the part of the city, or water company, then, and in such case, the city is not liable therefor."

"8. If the injury complained of resulted from the negligent acts of the Des Moines Water Company, in laying down its

water pipes in the streets, the City of Des Moines is not liable for the damages resulting therefrom, unless the plaintiff shows either that the city had notice of the defect in the street, caused thereby a sufficient time prior to the happening of the accident to enable the city to repair the same, or that the defect was open and notorious, and existed for such length of time as to make it carelessness on the part of the city in not discovering the same."

The court, upon his own motion, further instructed as follows:

"Actual notice would of course be sufficient, but it is not necessary in all cases. It may be inferred from the notoriety of the defect or damage, from its continuation for such length of time as to lead to the presumption that the proper officers did, in fact, know, or with proper diligence and care, might have known the same." The position of appellant is that the ditch became soft and settled because of a heavy rain the evening before, that there is no evidence that the city had notice of the condition of the ditch, and that the defect had not existed a sufficient time to raise a presumption of negligence on the part of the city in not discovering it.

From the evidence it appears that the ditch was dug about the first of October, and it was filled the next day. The injury to plaintiff's horse was inflicted on the 18th day of November. The plaintiff testifies that the day after the accident she saw that not nearly all the dirt which had been taken out of the ditch had been put back, and that it had settled so there was quite a hole. There was a good deal of what he called mortar bed. It appeared to be very loose. The horse smashed right down. The jury may very well have found from the testimony that if the ditch had been properly filled, nearly, if not quite, all the dirt which came out of the ditch would have been put back, and that it would not have become like a mortar bed. They may also very fairly have come to the conclusion that after being filled for seven weeks, it was so settled as to make quite a hole; the settling did not all occur in one night. It is very evident from the testimony as to the condition of the ditch, that it had been carelessly and negligently filled. And, as it had been filled for seven weeks, it is not a

very violent presumption that the city, if it had used reasonable diligence, would have known its condition.

The jury were fully warranted in finding, either that the city knew that the ditch was not properly filled, or was culpably negligent in not knowing it. In either case it is liable.

AFFIRMED.