KRUIDENIER BROS. v. SHIELDS ET AL.

1. **New Trial**: MISCONDUCT OF JURY: CONSIDERING EVIDENCE NOT IN THE CASE. In an action on a promissory note, the execution of the note was admitted, and hence it was not introduced in evidence. After the jury had retired they sent for the note, in order that they might compare the handwriting, and thus test the credibility of the witness who claimed to have written it. The bailiff brought in the petition, to which a *copy* of the note was attached, but which the jury regarded as the original, and from it drew an inference against the veracity of the witness, and upon this inference a verdict was returned for the defendants. These facts were not discovered by plaintiffs until after the term, when they filed a petition for a new trial, under § 3155 of the Code. *Held* that a new trial should have been granted, because the error did not inhere in the verdict, but was the result of the jury's adding ex-

traneous evidence to the case, thus making a case different from that which they took with them to their room. (See opinion for cases cited.)

2. ———: ———: EVIDENCE: AFFIDAVITS OF JURORS. In such case, since the error did not inhere in the verdict, the facts could be shown by the affidavits of the jurors.

## *Appeal from Mahaska Circuit Court.*

### SATURDAY, DECEMBER 18.

ACTION upon a promissory note. There was a trial to a jury, and judgment and verdict were rendered for the defendants. Afterwards, and after the term, the plaintiffs filed a petition for a new trial based upon alleged misconduct of the jury. The defendants demurred to the petition, and the demurrer was sustained, and from the ruling sustaining the demurrer the plaintiffs appeal.

*Bosquet & Earle* and *John F. Lacey*, for appellants.

*Lafferty & Johnson*, for appellees.

ADAMS, CH. J.—For a proper understanding of the facts alleged as constituting misconduct on the part of the jury, it is necessary to make a brief statement of the

**1. NEW trial: misconduct of jury: considering evidence not in the case.** issues which were involved in the case. The plaintiffs were engaged in doing business as merchants, and as such they sold goods from time to time to the defendant Shields, amounting to several hundred dollars, and some payments were made. The note in question appears to have been given in the early part of their trade. It was signed by the defendant Shields and the defendant Engle, and was either given directly for goods which have since been paid for, or it was given, in a general way, as collateral security for an open account as the same should stand in the course thereof. The defendant's theory was that the note was not thus given as collateral, but was given directly for a specific bill of goods purchased at the time, and which it is conceded have been paid for. To sus-

tain the issue in behalf of the plaintiffs, they introduced evidence tending to show that, at the time of the execution of the note, they gave the defendant Shields a receipt, bearing the same date as the note, and which is in these words:

"PELLA, IOWA, August 9, 1879.

"Received of Charles B. Shields and James Engle their joint promissory note for three hundred dollars as collateral security for an open account granted to said Charles B. Shields by Kruidenier Brothers.

[Signed]             "KRUIDENIER BROTHERS."

One of the plaintiffs, Dirk Kruidenier, testified that he wrote the receipt, and signed the firm name to it, and gave it to Shields. He also testified that he wrote the body of the note signed by the defendants. The defendant Engle denied all knowledge of the receipt. The note, the execution of which was admitted, was not introduced in evidence, but the receipt was. The petition for a new trial shows, in substance, that the jury found some difficulty in agreeing; that for a time a majority was in favor of rendering a verdict for the plaintiffs; that, while they so stood, it was suggested that, if they had the note sued on, they could determine from a comparison of handwriting whether it was true, as Dirk Kruidenier had testified, that he wrote both the receipt and body of the note, and accordingly the jury sent for the note. The bailiff procured the petition, and delivered it to the jury in the jury-room. Upon the petition was pasted a paper, which was a copy of the note, and was made by one of the attorneys by filling a printed blank like that which was used in executing the original. The jury, not observing that the paper thus attached was a copy, but supposing it to be the original, and discovering that it was in an entirely different hand writing from the receipt, concluded that Dirk Kruidenier had testified untruthfully when he said he wrote both the receipt and body of the note, and so might have testified untruthfully in respect to the delivery of the receipt, and the

jury accordingly rendered a verdict against the plaintiffs; and knowledge of these facts did not come to the plaintiffs until after the term. They filed a petition for a new trial under section 3155 of the Code, which allows a petition for a new trial to be filed after the term, when the grounds could not with reasonable diligence have been discovered before. The defendants demurred, upon the ground that the matters complained of inhere in the verdict, and cannot be inquired into, and are not ground for a new trial.

Their position in argument is that there was no misconduct in sending for the original note, because they did not in fact obtain it; that there was no misconduct in sending for the petition, because it is allowable to permit the pleadings to go to the jury; that, if there was any irregularity or mistake which resulted to the prejudice of the plaintiffs, it was in weighing Kruidenier's testimony; and that a mistake of that kind is one which inheres in the verdict, and does not constitute a ground for a new trial. They cite and rely upon *Abel v. Kennedy*, 3 G. Greene, 47; *Cook v. Sypher*, 3 Iowa, 484; *Connelly v. Griswold*, 7 Id., 416; *Turner v. Kelly*, 10 Id., 573; *Davenport v. Cummings*, 15 Id., 219; *Wright v. Illinois & M. Tel. Co.*, 20 Id., 195; *Hall v. Robison*, 25 Id., 91; *Roller v. Bachman*, 5 Lea, 153; *Dana v. Tucker*, 4 Johns, 487; *People v. Columbia Common Pleas*, 1 Wend., 297; *Com. v. Drew*, 4 Mass., 391.

It may be conceded that a mere mistake in weighing evidence is a matter which inheres in the verdict, and that the same cannot be set up as a ground for a new trial. But the petition for a new trial in this case shows more than that. It shows misconduct antecedent to the weighing of Kruidenier's testimony, which affected the weight given to it. A paper was obtained which was treated as evidence, but which was not in the case as such, and with which they had nothing to do. The case is really not different from what it would have been if the jury had sent for a paper not attached to the petition, nor otherwise in the case, and treated it as evi-

dence. The jury was bound to determine the case upon the evidence admitted by the court, and not add to it, upon their own motion, after they had retired to their room. The sacredness which should be attached to a verdict is not such as would justify us in saying, in a case like this, that it is better that the unsuccessful party should suffer than that the verdict should be disturbed. The procurement of additional evidence on the jury's own motion, after they have retired, is not a matter inhering in the verdict. It is something entirely different from the misunderstanding or misrecollection of the evidence properly before the jury, or the formation of a wrong judgment. It is something which antedates, and causes the formation of, the wrong judgment. That a jury cannot be permitted, by adding evidence, to make a case different from that which they took with them to their room, is well settled. *Stewart v. Burlington & M. R. Co.*, 11 Iowa, 62; *Martin v. State*, 25 Ga., 494; *Booby v. State*, 4 Yerg., 111; *Donston v. State*, 6 Humph., 275; *McIntire v. Hussey*, 57 Me., 493; *Smith v. Graves*, 1 Brev., 16; *Luttrell v. Railroad Co.*, 18 B. Mon., 291.

The defendant insists, however, that the misconduct in this case (if it could be regarded as such) could be shown only by the affidavits of jurors; that affidavits of jurors would be inadmissible to show such fact; and that a pleading is demurrable if there is no way under the law by which its averments can be proven; citing *Scofield v. McDowell*, 47 Iowa, 129. But matters not inhering in the verdict may be shown by the affidavits of jurors. *Wright v. Telegraph Co.*, above cited, and *Manix v. Malony*, 7 Iowa, 81.

2. ——: ——: evidence: affidavits of jurors.

We think that the court erred in sustaining the demurrer to the petition for a new trial.

REVERSED.