## KING v. WILLIAMS.

1. **Contract**: FRAUD: PECULIAR KNOWLEDGE OF ONE PARTY: EVI-
DENCE. Plaintiff assigned to defendant a contract for the purchase of
land, which he knew had been forfeited. Defendant, failing to get the
land, had a settlement with plaintiff, wherein plaintiff gave defendant
his promissory note. Plaintiff now seeks to recover of defendant on
the ground that defendant deceived him by false statements as to what
it would be necessary to pay to secure the land and avoid the forfeiture;
and that defendant was possessed of knowledge in the matter not pos-
sessed by him. *Held* that plaintiff's knowledge of the forfeiture was
a complete answer to all his allegations of fraud, and that he could not
recover.

*Appeal from Page District Court.*

SATURDAY, MARCH 5.

THE plaintiff seeks by this action to recover of the defend-
ant a certain sum of money, of which he claims he was
defrauded in a settlement made between the parties, growing
out of the assignment of certain land contracts by the plaint-
iff to the defendant. The defendant set up a counter-claim,
which consisted of a promissory note executed by plaintiff
to defendant. At the conclusion of the introduction of the
evidence, the court, on its own motion, instructed the jury
that the plaintiff had failed to make a case against the
defendant, and the jury were directed to return a verdict for
the defendant for the amount of the note set up in the coun-
ter-claim. A verdict was returned in accord with the instruc-
tion, and a judgment was rendered thereon. Plaintiff
appeals.

*K. A. Pence* and *James McCabe*, for appellant.

*Stockton & Keenan*, for appellee.

ROTHROCK, J.—It is claimed by the appellant in his peti-
tion that the settlement in question was procured by duress
and fraud upon the part of the defendant. We determined
in a former appeal that there was no duress in the trans-

action. (See 65 Iowa.) In the present appeal plaintiff appears to have abandoned his claim to recover on the ground of duress; but he still insists that he has a right of action against the defendant for fraud. The facts which made a settlement necessary between the parties are as follows: The plaintiff held two contracts for the purchase of land from the Burlington & Missouri River Railroad Company in Nebraska. They were long-time contracts, and they required annual payments of interest, and small amounts of principal. They were liable to forfeiture for non-payment of principal and interest according to their terms. It is not disputed by the parties hereto that the railroad company had the right to declare an absolute forfeiture of the contracts for any failure of the purchaser to make payments as they became due. The plaintiff had paid up nearly all that was owing on one of the contracts, but, upon the other, he had paid but a small amount, and he was in default thereon. He had purchased a farm from the defendant, and was indebted to him therefor. A contract was made between the parties, by which the plaintiff assigned the land contracts to the defendant for about $825. This amount extinguished the debt on the farm which plaintiff bought of defendant, and left a balance due the plaintiff of about $178, for which the defendant gave plaintiff his promissory note. This was on the seventh day of July, 1882. The defendant was to make all the payments yet to be made on the land, including all overdue payments. The plaintiff claims that the defendant agreed to make payment in three days after the assignment of the contract was made. The proof shows that an attempt to pay would have been unavailing, because the contract upon which this payment was due had been forfeited long before the assignment. The settlement of which complaint is made was concluded in September following the assignment of the contracts.

The plaintiff claims that the defendant deceived him by false statements as to what it would be necessary to pay to

the railroad company to secure the land, and avoid the forfeiture; that he was possessed of knowledge in the matter not possessed by the plaintiff. It appears to us that the fact that plaintiff knew that the contract had been forfeited when he made the settlement is a complete answer to all his allegations of fraud. He not only knew the contract had been forfeited at that time, but it was in fact forfeited long before he assigned it to the defendant, and he had good reason to believe that it was forfeited when he made the assignment. He had been advised in March, 1882, that, unless payment was made by April 10, 1882, the contract would be forfeited, and the land restored to market, and the forfeiture was actually made on the twenty-fifth day of April, 1882. These facts, and the terms upon which the land could again be purchased from the company, were as accessible to the plaintiff as they were to the defendant.

Without further elaboration, we may say that it is very clear that the evidence failed to show that the plaintiff was a victim of fraud, and we think the court did not err in directing a verdict for the defendant.

AFFIRMED.