### BALLS v. WOODWARD et al.

#### (Circuit Court, D. Oregon. August 9, 1892.)

#### No. 1,926.

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—LIABILITY OF CORPORATE OFFICERS.
By its charter, the city of Portland is declared not to be liable to any one for an injury resulting from a defective condition of the streets; but any officer thereof who by his "willful neglect" thereabout, of a duty enjoined by law, causes such injury, is so liable.

2. SAME—WILLFUL NEGLECT.
The common council is bound by the charter to provide by ordinance for the repair of the streets, and if it willfully neglects so to do the members thereof are liable personally in damages to any one who is injured in consequence thereof.

3. SAME—NOTICE OF DEFECTS.
The common council cannot be said to willfully neglect to order the repair of a street, unless it has actual or constructive notice of its defective condition; and the fact that the defect was open to common observation is such constructive notice.

At Law. Action by William Ingate Balls against Tyler Woodward and others, constituting the common council of the city of Portland, Or. Tried to the court without a jury. Findings and judgment for defendants.

*Paul R. Deady* and *John M. Bower*, for plaintiff.

*William T. Muir*, for defendants.

DEADY, District Judge. This action is brought by the plaintiff, a subject of Great Britain, against the members, personally, of the common council of the city of Portland, to recover the sum of $7,500, as damages, for an injury to his right ankle, caused by stepping on a defective plank in a sidewalk on the south side of Washington street, in front of lot 8, block 177.

The action was tried by the court without the intervention of a jury. The evidence establishes the following conclusions of fact:

(1) That on November 9, 1891, the plaintiff stepped out of McGinn's bakery, onto the wooden sidewalk, about a foot or eight inches below the sill of the doorway: the plank cracked, and sank down to the ground, a distance of about three and one half inches; his foot turned in nearly at right angles with his leg, stretching the ligaments on the outside of the ankle materially, and probably rupturing the middle division thereof; the skin on the outside of the leg, for a few inches above the ankle, was abraded by coming in contact with the edge of the adjoining plank, which remained in position.

(2) The plaintiff was taken in charge by a competent physician, and treated carefully; he remained in a recumbent position for about six weeks, and is now able, with the help of a cane, to walk fairly well, and the skin wounds are well healed up.

(3) The plaintiff is between 45 and 50 years of age, weighs about 200 pounds, and is a contractor by occupation; the injury to his ankle is serious, and probably permanent, in the sense that, owing to the relaxed condition of the ligament, it is liable to displacement from slight causes.

(4) About 20 years before, the plaintiff's leg had been severely bruised about midway of the *fibula*, and there is some appearance of varicose veins thereabout, but there is no sign of any such veins about the ankle joint, and the injury to his ankle is not affected by any such cause.

(5) The plank that broke with the plaintiff was decayed from below, but apparently sound when viewed from the surface, and to ordinary observation; and the defendants had neither actual nor constructive notice of its defective condition.

(6) The plaintiff's general damage by reason of the premises is estimated and fixed at $1,500, to which must be added the sum of $300 for medicines and medical attendance,—in all the sum of $1,800.

The following is the conclusion of law:

(1) The defendants are not liable to the plaintiff in damages for the injury sustained by him.

The conclusions of fact require no explanation, but a few words as to the conclusion of law will not be amiss.

Section 184 of the charter of the city of Portland (Sess. Laws 1891) provides that the city of Portland is not liable to any one for an injury to the person on account of the condition of any street therein; but this section does not exonerate any officer of the city of Portland, or any other person, from such liability, where such casualty or accident is caused by the willful neglect of a duty enjoined upon such officer or person by law, or by the gross negligence or willful misconduct of such officer or person in any other respect.

In *O'Harra* v. *Portland*, 3 Or. 525, the supreme court held this section. so far as it exempted the city from liability, to be constitutional.

In *Rankin* v. *Buckman*, 9 Or. 253, a case arising in East Portland,

the court held, under a similar section in the charter of that place, that while the city was thereby exempted from liability, in such cases, the trustees, whom it held to be enjoined by law to keep the streets in repair, were not, in case of their "willful neglect" to make such repairs.

Subdivision 13 of section 37 of the charter gives "the council power and authority within the city" to provide for the repairing of sidewalks; and section 38 declares that this "power and authority can only be enforced or exercised by ordinance, unless otherwise expressly provided," which I do not find to be the case.

Section 8 of the charter provides for the election of a street superintendent, and section 57 prescribes his duties, and authorizes him to appoint deputies. Among his duties is to "keep himself informed of the condition of the public streets and grounds, and to see that the provisions of ordinances relating to the repair of streets * * * are strictly complied with."

On this state of the law, in my judgment, the members of the common council have no duty in relation to the repair of streets, except to provide by ordinance for such repairs; and "neglect" to do so, which will make them personally responsible, must be "willful," that is, intentional or designed.

When the council has notice, either actual or constructive, of the defective condition of a street, and omits to provide for its repair, such omission doubtless amounts to "willful neglect," and the members are personally responsible to any one who is injured thereby.

Constructive notice of a defective street is where the same is notorious, —open to common observation. The defect in this sidewalk was not of this kind. It was secret, and numbers of people passed over it every day about the time of the accident without observing it.

Where the city is liable for injuries resulting from defective streets, the knowledge and neglect of a subordinate officer, as the superintendent of streets, is that of the city. But where the city is not liable, and the officer who is guilty of "willful neglect" in the premises is liable, the knowledge or neglect of one person is not to be imputed to another, except, it may be, where the relation of principal and deputy actually exists between them.

It was the duty of the superintendent of streets, by himself and his deputies, to keep informed of the condition of this sidewalk, and to carry out the provisions of any ordinance for its repair. The "willful neglect" of himself or deputies, in either of these particulars, is not imputed to the city, but he is personally responsible to any one who is injured in consequence thereof.

It does not appear whether the council ever had passed any ordinance for the repair of this sidewalk or not; but being one of the principal thoroughfares of the city, the presumption is that they had. Still, before the superintendent could be charged with neglect in this respect, that fact would have to be shown.

Nor am I prepared to admit that the omission by the council of any act involving legislative discretion is such a neglect as would render the

members thereof liable to any person who may be injured in consequence thereof. For the exercise of his judgment in this respect he must answer to his constituents. But an order or ordinance for the repair of a sidewalk on an established street is rather an administrative act than a legislative one. It is a duty enjoined by law, and I think the "willful neglect" to perform it renders the members of the council liable to a person injured in consequence thereof.

Besides those cited, the following authorities have been consulted in the preparation of this opinion: *Rice* v. *Des Moines*, 40 Iowa, 638; *Furnell* v. *City of St. Paul*, 20 Minn. 117, (Gil. 101;) *Rosenberg* v. *Des Moines*, 41 Iowa, 415; *Market* v. *City of St. Louis*, 56 Mo. 189; *City of Atlanta* v. *Perdue*, 53 Ga. 607; *Lindholm* v. *City of St. Paul*, 19 Minn. 245, (Gil. 204;) 2 Dill. Mun. Corp. § 1025.