G. HATHAWAY, Appellant, v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

NEW TRIAL—NOMINAL DAMAGES. *Just verdict—misconduct of juror.*

*Appeal from Buchanan District Court,* HON. J. J. TOLERTON, Judge.

FRIDAY, APRIL 10, 1896.

ACTION to recover damages for burning grass. Trial to a jury, verdict for defendant, and plaintiff appeals.—*Affirmed.*

*E. B. Abbott* and *M. W. Harmon* for appellant.

*S. K. Tracy* and *Ransier & Everett* for appellee.

KINNE, J.—I. This is an action to recover damages for negligently permitting fire to escape from defendant's locomotive, which fire, it is claimed, destroyed the grass upon plaintiff's land. There is no question as to the escape of the fire, and it is equally clear that it burned over the ground of plaintiff. The only controversy is over the question of damages. As the jury returned a verdict for the defendant, it is apparent that they found that the fire caused no damage to the plaintiff. The evidence as to the value of the grass burned was conflicting. Some of it tended to show that it was worth little, if anything. From the whole evidence the jury were justified in their finding, and we cannot disturb it.

II. It is claimed that there was such misconduct of the jury as to necessitate the setting aside of this verdict. Upon this point, it is urged that Juror Joslin had a brother in the employ of the defendant, and that he failed to disclose that fact in his *voir dire* examination. It is not shown that Joslin was asked if he did have a brother in defendant's employ, but it is averred that such questions were asked as "should have caused Joslin to reveal the fact of his brother's employment by defendant." No question is set out from which it can be said that Juror Joslin did not fairly and fully answer all questions put to him on such examination. The statement touching this matter in the affidavit is a conclusion only. No reason is shown in this respect for disturbing the verdict.

III. It is urged that Juror Joslin was guilty of such misconduct in the jury room as warrants us in reversing this case. It is said that he was prejudiced in defendant's favor; that he claimed to his fellow jurors to have personal knowledge of the facts in issue; that he drew a map of plaintiff's land from his own personal knowledge, and stated that he had been over the land and gathered cat-tails on said land,

and that the land was not worth anything. So far as the map or outline drawn by the juror is concerned, it does not appear that it was not a correct representation of plaintiff's land as shown by the evidence. The action of this juror was unwarranted. He had no right to state to the jury what he had personal knowledge of, as to matters in controversy. The jury had no right to consider any facts not put in evidence in the regular course of the trial. No juror has a right to give evidence in the jury room, as was done in this case, of matters material to the issue. A material fact in issue was the damage done by the fire to the grass of plaintiff, and the value of said grass; and the statements of the juror Joslin as to the value of the land, and that cat-tails grew upon it, tended to support the defendant's case. Nor were these matters inhering in the verdict. But this case should not be reversed on account of these acts of Juror Joslin, if the verdict actually rendered was substantially just. In other words, if, in view of all of the evidence, the verdict effectuates justice between the parties, it should not be set aside, and the parties put to the trouble and expense of a new trial, because of the misconduct of a juror in the jury room. It seems to us, on a full examination of all of the evidence, that substantial justice has been done by the verdict rendered *Woodward v. Horst*, 10 Iowa, 120; that under the view of the evidence most favorable to plaintiff, he would only have been entitled to nominal damages, if any; and we have uniformly held that we would not reverse a case because of a failure to give nominal damages where they would have been justified. We are therefore of the opinion that we are not warranted in reversing this case for the misconduct complained of. Code, section 2690; *Croddy v. Railway Co.*, 91 Iowa, 598 (60 N. W. Rep., 214), and cases cited.

IV. Several errors are assigned upon the rulings of the court touching the admission of evidence. We have carefully investigated each of them, and discover no error.—*Affirmed*.