HENRY WILBERDING, Appellee, v. CITY OF DUBUQUE, Appellant.

**Injury by Defective Sidewalks:** EVIDENCE. In an action against the city for injuries caused by a defective sidewalk, it is not error to admit testimony of a witness as to others having also tripped and fallen over loose boards in the sidewalk; such evidence being offered solely on the question of notice to the city of the defective condition of the walk.

PERMANENCY OF INJURY: *Future pain and suffering.* Where, in a suit against the city for injuries caused by a defective sidewalk, the evidence shows plaintiff's injuries to be probably permanent, and that he would suffer therefrom at times, the jury may consider future pain and suffering, if any, and the probable permanency of the injuries under the evidence, and allow the plaintiff compensation therefor.

**Instructions:** CONFLICT IN EVIDENCE: *Equivalents.* Where, in a suit against the city for injuries caused by a defective sidewalk, defendant requests an instruction that, if the only defect was merely a loose plank which was only out of place occasionally, it must have been observable by all passers-by, for such a length of time that the city, in the exercise of ordinary care, would have discovered it in time to repair it before plaintiff's accident, it is not error to refuse such instruction; the evidence as to the condition of the walk being conflicting, and the court having fully and properly instructed thereon.

DIRECTING JURY AFTER RETIREMENT: *Invading province of jury.* Where, in an action against a city for injuries caused by a defective sidewalk, the jury, after retiring, propound to the court the question whether the existence of a defective sidewalk for five months, daily traveled by city officials and all classes of people, would constitute presumptive notice to the city of its defective condition, and the court answered that it would, and then repeats a former instruction that, where a defect has existed for such a length of time that city officials should have discovered it in the use of ordinary care and diligence, the law presumes notice to them thereof, the answer as a whole, and in connection with the question, is not erroneous as an invasion of the province of the jury

**New Trial:** MISCONDUCT OF JUROR. Statements of a juror in a personal injury case as to the condition of the sidewalk claimed by plaintiff to be defective, made to his fellow jurors after the final submission of the cause, from what he claims is his own knowledge, constitutes misconduct justifying a new trial.

SAME. In an action for injuries against a city, it is not error to refuse the defendant a new trial because a juror stated in the jury room, after the final submission of the case, that the city had settled another case of one thousand eight hundred dollars; the statement not seeming to have received any attention from the other jurors, and not being shown to have prejudiced the city.

PRESUMPTION AS TO MISCONDUCT. Where jurors are cautioned as to their duties, no presumption arises that the caution has been diregarded.

*Appeal from Dubuque District Court.*—HON. FREDERICK O'DONNELL and HON. JAMES L. HUSTED, Judges.

SATURDAY, MAY 19, 1900.

ACTION to recover damages for personal injury caused by a defective sidewalk. There were two jury trials. The first resulted in a verdict for the defendant, which was set aside, and a new trial ordered. The second jury found for the plaintiff. Judgment was rendered on the verdict. The defendant appeals from the final judgment.—*Affirmed.*

*Duffie & McGuire* for appellant.

*Longueville, McCarthy & Kenline* for appellee.

SHERWIN, J.—The first verdict in this case was for the defendant. It was set aside upon plaintiff's motion, and a new trial ordered. Exception was saved to the action of the trial court, but no appeal was ever taken from that order, and, when the appeal was taken from the final judgment, more than six months had elapsed since that order was made.' The appellant assigns error in the granting of a new trial, and the appellee contends that the city waived any objection it might have urged to the order by going to trial the second time, and by not appealing therefrom.

That the order granting a new trial is one from which an appeal could have been taken is not questioned. Whether the appellant can now complain thereof we need not determine in this case, because it clearly appears from the record that the verdict was properly set aside.

The motion for a new trial, following the first verdict, set out twenty-three principal and a dozen subgrounds upon which it was asked. It was sustained generally. We cannot in this opinion review all of these grounds. We find that the court might well have based its action upon the alleged misconduct of the juror Stewart, who stated to his fellow jurors, while in the jury room, what he claimed to be facts within his personal knowledge relating to the sidewalk in question. In other words, he

appears in the dual capacity of a juror and a self-consti-
tuted witness for the defendant. The precise effect his pos-
itive and reiterated statements may have had upon the
minds of his fellow jurors we are not required to determine.
That they were given some weight, and may have affected
the verdict, is apparent from their nature. His misconduct
was prejudicial, and warranted the trial court in setting
aside the verdict. *Hall v. Robinson,* 25 Iowa, 91; *Krui-
denier v. Shields,* 70 Iowa, 429; *Griffin v. Harriman,* 74
Iowa, 436.

The petition alleges that the sidewalk between Lang-
worthy avenue and Reeder street, opposite to the property
of one Florey, was originally constructed of decayed mate-
rial, and uneven and irregular boards, and became loose,
worn, and rickety, and the boards loose and out of place,
and that the plaintiff stepped and tripped on the loose
board which caused his fall and the injury com-
plained of. Upon the second trial the court per-
mitted several witnesses to testify as to their having
tripped and fallen over the same board prior to plaintiff's
injury. This evidence was offered and received solely on the
question of notice to the city of the condition of the walk,
and has been held competent for that purpose. *Smith v.
City of Des Moines,* 84 Iowa, 685; *Hunt v. City of Du-
buque,* 96 Iowa, 314; *Frohs v. City of Dubuque,* 109 Iowa,
219. In the earlier cases in which the court held similar
evidence not admissible it does not appear that the evidence
was offered for the purpose herein stated, and the court does
not seem to have had this precise thought in mind. See
*Frohs v. City of Dubuque, supra.* Other complaints are
made as to the admission or rejection of testimony, but a
careful examination of the record convinces us that no
prejudicial error appears.

The defendant asked the court to instruct the jury
that if the only defect in the walk was merely a loose plank,

which was only out of place occasionally, it must have been observable by all passers over said walk for such a length of time that the city, in the exercise of ordinary care, would have discovered said loose plank in time to repair it prior to the plaintiff's accident. The allegation of the petition that the walk for some distance along where the accident occurred was unsound and in a dangerous condition was supported by the evidence for the plaintiff. The defendant's witnesses testified that the general condition of the walk was good, and that there were no loose boards in it. The general condition of the walk might have been such that the city would be charged with notice of the particular defect causing the injury. *Armstrong v. Town of Ackley,* 71 Iowa, 75. The court refused the instruction asked, and in clear and concise language instructed the jury on this issue as it was presented by the pleadings and by the evidence. The instructions given announced the correct rule, as laid down in *Rice v. City of Des Moines,* 40 Iowa, 638; *McConnell v. City of Osage,* 80 Iowa, 293; *Munger v. City of Waterloo,* 83 Iowa, 559; and there was no error in refusing those asked.

The appellant also assigns error in the instruction relative to future suffering and the permanency of plaintiff's injury. The jury was told that it might consider "future pain and suffering, if any, and probable permanency of injury, under the evidence." The undisputed evidence was that the injury was probably permanent in its nature, and that plaintiff would suffer therefrom at times. The jury was told to be governed in the matter by the evidence, and to allow the plaintiff just compensation for his injuries. We think the jury could not have misunderstood their duty under this instruction, and that it was not prejudicial to defendant. *Stafford v. City of Oskaloosa,* 64 Iowa, 251.

After retiring with the case, the jury submitted to the court the question whether the existence for five months of a defective sidewalk which had been daily traveled over by city officials and all classes of people, would constitute presumptive notice to the city of its defective condition. The court answered the inquiry in the instruction following: "In answer to your written request, you are instructed that where a defective sidewalk has existed for such period of time as mentioned by you, and it is a defect observable and apparent to the ordinarily careful traveler over the same, the law presumes notice to the city, whether such defect was reported to the city or its officers or not. As before instructed, when a defect has existed for such a length of time that the officers of the city should have discovered the defect if they had exercised ordinary care and diligence, then the law presumes notice to them whether the defect had been reported to them or not, and whether they actually knew it or not." It is contended that the court invaded the province of the jury in this instruction. Circumstances may be shown under which the city would be charged with negligence as a matter of law. The question propounded by the jury embodied facts which would perhaps warrant such holding. The court's answer was expressly based upon the hypothesis presented in the question, and in addition thereto reiterated the rule on the subject which had already been given. Taken as a whole, and in connection with the question, we think it was not prejudicial to the defendant. *Rosenberg v. City of Des Moines,* 41 Iowa, 415; *Baxter v. City of Cedar Rapids,* 103 Iowa, 559; *Hazard v. City of Council Bluffs,* 87 Iowa, 51.

While in the jury room one of the jurors made the statement that the city had settled another case with a woman for one thousand eight hundred dollars. It is not shown that the city was in any way prejudiced by this statement. It did not concern any matter in

controversy in the case at bar, and does not appear to have received any attention from the other jurors. It was not error to refuse a new trial on account thereof.

The evidence wholly fails to sustain the claim of a quotient verdict, and we discover no reversible error in the court's examination of the individual jurors on that question. It was certainly proper for the court to ascertain the very truth of the matter for his own guidance, and this was what he sought.

There was no prejudicial error in the argument of counsel. The jury was at the time cautioned as to its duties, and no presumption arises that the caution was diregarded. The judgment of the district court is AFFIRMED.