MARTHA J. BEAVER, Appellee, v. CITY OF EAGLE GROVE, Appellant.

**Defective Walk:** NOTICE: *Charge and proof.* Where there is evidence in an action against a city for injuries caused by a defective plank in a sidewalk showing the generally dilapidated condition of the walk before the injury, it is not erroneous, though there is no evidence that the particular plank was defective, to instruct that plaintiff cannot recover unless the defect in the walk, if any, had existed for such length of time that the city should have had notice thereof.

EVIDENCE: *Notice.* Evidence tending to show the generally dilapidated condition of the walk prior to the injury is admissible, as tending to show notice to the city of its condition at the place where the accident occurred.

INSTRUCTIONS CONSTRUED TOGETHER: *Pain and injury.* An instruction authorizing a recovery for the actual injury to plaintiff's person, and the pain already endured or to be endured in the future, is not erroneous, in connection with another instruction that the jury must determine the amount which would compensate plaintiff in consideration of the character of the injury and the pain endured and to be sustained in the future.

INSTRUCTIONS: *Cumulative requests.* The refusal of a requested instruction is not error, when substantially the same instruction is given.

**Review on Appeal:** *Estoppel to object to instruction.* Where a party requests an instruction, it will not be heard to complain on appeal of the giving of practically the same instruction. WEAVER, J., takes no part.

*Appeal from Wright District Court.*—HON. B. P. BIRDSALL, Judge.

SATURDAY, APRIL 12, 1902.

ACTION to recover damages for personal injuries occasioned by a defective walk. Verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*Eugene Bryan* and *C. M. Nagle* for appellants.

*A. R. Ladd, Sylvester Flynn* and *T. D. Healy* for appellee.

SHERWIN, J.—While passing over one of the defendant's walks, the plaintiff stepped on a loose board, which tripped and threw her. There was evidence tending to show that the general condition of the walk for some distance along there was bad, and had been for some time before the accident to the plaintiff. In the seventh paragraph of its charge the court told the jury that the city would not be liable for the plaintiff's injury unless it was found that the defect in the walk, if any, had existed for such length of time as that the city should have had notice of it, if it had exercised reasonable care and watchfulness over the walk. The converse of this proposition was also stated in the same paragraph. In the ninth paragraph of the charge the jury was told that if the walk had been inspected by the defendant's officer immediately before the accident, with reasonable care, and no defects were found,

the city would not be liable.   This instruction, appellant concedes, is correct; but in the next paragraph the court said that if the defect complained of actually existed at the time of the inspection, and was such that it ought to have been discovered by the exercise of ordinary care, the city would not be liable.   Both the seventh and ninth paragraphs of the charge state the law correctly, as applied to the facts in the case. It is true, there is no direct evidence as to the previous condition of the particular board over which the plaintiff tripped; but there is abundant evidence tending to show the dilapidated general condition of the entire walk along there, and this was competent on the question of notice to the city of its condition at the point in controversy.   *Smith v. City of Des Moines,* 84 Iowa, 685; *Armstrong v. Town of Ackley,* 71 Iowa, 75; *Wilberding v. City of Dubuque,* 111 Iowa, 484.   The cases relied on by the appellant are cases where single defects in the walk were charged, and are not within the rule governing this class of cases.   *Cook v. City of Anamosa,* 66 Iowa, 427; *Ruggles v. Town of Nevada,* 63 Iowa, 185.

The plaintiff's evidence conclusively showed a permanent injury, and of such a peculiar nature that pain and suffering would necessarily accompany it.   In the thirteenth paragraph of its charge, the court instructed that the plaintiff's recovery was limited to "the actual injury to her person, and the pain and suffering already endured from her injury, if any, or to be endured therefrom in the future." This is criticised because it authorized the assessment of double damages, and because it permitted the jury to enter the realm of speculation as to future pain and suffering.   While the instruction is not couched in the most apt language, we do not believe the jury was misled into giving the plaintiff double damages, or more than she was fairly entitled to under the evidence.   And in the succeeding clause of the instruction the jury was told that it must determine from the evidence the amount that

would actually compensate the plaintiff for her injury, taking into consideration its character, and the pain and suffering endured, "and to be sustained in the future, if any." Taking the instruction as a whole, the jury could hardly have understood otherwise than that it must be guided by the evidence exclusively, and form its judgment as best it could therefrom. Moreover, the defendant asked an instruction on this point which embodies practically the same language, and for this reason alone cannot now successfully complain. *Campbell v. Ormsby,* 65 Iowa, 518.

The thought expressed in instruction 1 asked by the defendant was substantially given in the court's charge; hence there was no error in refusing it.

The verdict finds ample support in the evidence, and, under well settled rules, we cannot disturb it. The judgment is therefore AFFIRMED.

WEAVER, J., took no part.