CITY NATIONAL BANK, Executor, Appellee, v. GEORGE H. STEELE, SR., Appellant.

No. 42951.

NOVEMBER 12, 1935.

Ernest L. Miller and Glenn T. Cousins, for appellant.

Merritt Sutton (of Sutton & Sutton), and L. H. Doran (of Doran & Doran), for appellee.

HAMILTON, J.—While the motion for a new trial contained

several grounds, and was sustained generally, in his written ruling filed in the case, the court especially called attention to misconduct of one of the jurors, shown by affidavits made by other jurors submitted with the motion, which are not contradicted, to the effect that in the course of their deliberations the juror, Walter Berst, stated that he had driven this same curve a great many times at sixty-five miles per hour without any risk, and another juror said she had driven it many times and that it was not dangerous, and that affiant and other jurors considered these statements in arriving at their verdict. This statement of the juror had a direct bearing on the issue of reckless driving and tended to dispute a proposition, proof of which was essential to plaintiff's right to recover and the establishment of which it was the duty of the juror to pass upon. And the court rightfully held that "to permit the juror, if he had been called as a witness, to testify that he had driven his car safely at a high rate of speed at the place in question, would have been error, and it would seem that his statements to the same effect in the jury room were equally improper," citing in support of his findings the case of Wilberding v. City of Dubuque, 111 Iowa 484, 486, 82 N. W. 957, 958, wherein this court said:

"The motion for a new trial, following the first verdict, set out twenty-three principal and a dozen subgrounds upon which it was asked. It was sustained generally. We cannot in this opinion review all of these grounds. We find that the court might well have based its action upon the alleged misconduct of the juror Stewart, who stated to his fellow jurors, while in the jury room, what he claimed to be facts within his personal knowledge relating to the sidewalk in question. In other words, he appears in the dual capacity of a juror and a self-constituted witness for the defendant. The precise effect his positive and reiterated statements may have had upon the minds of his fellow jurors we are not required to determine. That they were given some weight, and may have affected the verdict, is apparent from their nature. His misconduct was prejudicial, and warranted the trial court in setting aside the verdict. Hall v. Robison, 25 Iowa 91; Kruidenier v. Shields, 70 Iowa 428, 30 N. W. 681; Griffin v. Harriman, 74 Iowa 436, 38 N. W. 139."

See, also, Hathaway v. Burlington, C. R. & N. Ry. Co., 97

Iowa 747, 66 N. W. 892; Douglass v. Agne, 125 Iowa 67 at page 71, 99 N. W. 550, 552. In the last-cited case this court said:

"And it is firmly established that to consider any evidence other than that introduced on trial, which it is reasonably probable influenced the result, is such misconduct as to require a new trial."

In the instant case we have the sworn statement of the juror who made the affidavit that "myself and the other jurors considered these remarks * * * in arriving at our decision."

It is the earnest contention of appellant that notwithstanding the misconduct of the juror, plaintiff was not prejudiced as the verdict of the jury was the only possible verdict under the evidence; that the court would be required to set aside a verdict in favor of the plaintiff; that the court erred in not sustaining defendant's motion to direct a verdict; and that where the defendant in any event was entitled to a directed verdict upon the merits as disclosed by the whole record, this, of itself, would negative the right of plaintiff to a new trial; that plaintiff failed to make out a prima facie case of recklessness, and the case should have been taken from the jury and the jury instructed to return a verdict for the defendant.

We have no fault to find with appellant's propositions of law. The difficulty comes in applying them to the facts in this particular case. There is a sharp conflict in the testimony bearing on the conduct of the defendant, on the speed of the car, what was said and done by the passengers at and immediately prior to the accident, which, to our minds, makes of it a case for the jury. In view of the fact that there will probably be a new trial, we purposely refrain from further comment on the evidence. The court was right in granting a new trial, and the case is affirmed.—Affirmed.

KINTZINGER, C. J., and ALBERT, DONEGAN, ANDERSON, PARSONS, and MITCHELL, JJ., concur.