L. D. VAN GORDER,    Appellee, v. M. B. SHERMAN, Appellant.

81  403
f 109  224
81  403
115  185

1.  **Principal and Agent:** SALE OF REAL ESTATE : COMMISSION. Under an agreement with defendant, giving him the exclusive right to sell certain described real estate for one year for cash, and providing that he should have as commission any sum realized over and above an amount stated, the plaintiff within the time required found a purchaser who was able, ready and willing to buy said real estate at a price considerably in excess of the amount stated, and who agreed to pay in cash a sum equal to the amount to be paid the defendant, but was to have time for the payment of so much of the purchase money as was represented in the commission to be paid plaintiff. *Held,* that the agreement to give time for payment to the extent of plaintiff's commission was not out of accord with the contract of employment to sell, and that, the defendant having disabled himself from making a conveyance of the property by a prior sale, the plaintiff was entitled to recover of him the commission he would have realized had the sale been completed.

2.  ——— : ——— : ——— : EXCESSIVE VERDICT : REMITTITUR.    A new trial will not be ordered upon appeal because the verdict of the jury is excessive in a small sum, nor will a *remittitur* be ordered in such case where the error was not brought to the attention of the court below.

*Appeal from    Clayton    District    Court.*—HON. L. O. HATCH, Judge.

SATURDAY, OCTOBER 25, 1890.

ACTION at law to recover for the breach of a contract. for the sale by plaintiff of lands owned by defendant, for which plaintiff was to receive compensation prescribed by the contract.    There was a judgment on a verdict for plaintiff.    The defendant appeals.

*W. E. Odell* and *J. Larkin*, for appellant.

*Dayton & Dayton* and *Noble & Updegraff*, for appellee.

BECK, J.—I.    The petition alleges, in substance, that defendant, being the owner of certain land conveyed to him by plaintiff in payment of a debt due from plaintiff to defendant, agreed in writing with plaintiff that he (plaintiff) should have the exclusive right for one year to sell the land for a sum not less than the amount of such debt, and any amount realized by such sale over and above the amount of the debt should be received by plaintiff as his own for compensation ; and that, whenever plaintiff found a purchaser willing to pay for the land a sum equal to the debt and interest, defendant would convey it to such purchaser.    It is further alleged that, within the time prescribed by the contract, during which plaintiff's agency for the sale of the land should continue, he found a purchaser able and willing to pay the amount of the debt and interest, and a large sum in excess thereof, but that defendant had before sold the land to another.    The answer denies all the allegations of the petition, and, by an amendment thereto, it is alleged that plaintiff verbally authorized defendant to sell the land, and, in compliance with such authority, he did sell a part of it, and, therefore, was unable to make the conveyance required by the sale made by plaintiff.

II.    The defendant insists that the evidence fails to show that the contract relied upon by plaintiff as having been made by an agent of defendant was in fact made by the agent; that the agent had authority to

1. PRINCIPAL and agent: sale of real estate: commission.

make such contract, or that it was ratified by defendant, and that the purchaser to whom plaintiff sold was able, ready and willing to purchase and pay for the land. Upon these points, it is insisted that the verdict is in conflict with the evidence. This position is argued at length by counsel. We think, upon all of these points, the verdict is sufficiently supported by the evidence. The direct and circumstantial evidence, as well as reasonable inferences from the facts, proved all points in that direction. We refrain, in accord with our custom, from entering into a discussion of the evidence, which would be profitable neither to the profession nor to the parties.

III.   The plaintiff was authorized to sell the land for cash. By the terms of the sale he made, cash was to be paid so far as defendant was to receive the purchase money, and time was given on the sum to be paid to plaintiff, under the contract, as his compensation. Defendant insists that this was a violation of the contract, and the sale was, therefore, void. But it is difficult to see how it can be claimed that the terms of the contract extended to the money to be paid to plaintiff. It was his money, and he could at his pleasure relieve the purchaser from paying it. He surely could also extend to him time for paying it. The law will regard the condition of the contract requiring cash to extend only to the consideration to be paid under its terms to defendant, and that the parties did not have in contemplation the part of the consideration which was to be received by plaintiff, and, therefore, the condition of the contract under consideration did not extend thereto. Instructions given by the court to the jury in accord with these views are correct.

IV.   Defendant insists that the verdict is excessive in the sum of twelve dollars and eighteen cents. For

2. —:—: —:exces-sive verdict: remittitur.

this small sum we shall not grant a new trial, and require each of the parties to spend in costs probably ten times as much as the amount of the error complained of by defendant. We shall not order a play which is not worth the candle. We might order a correction of the trifling error by

*remittitur*, in order to attain exact justice, had it been pointed out in the court below ; but counsel for defendant show in their argument that, through an error of defendant in his motion for a new trial, the matter was not correctly brought to the attention of the court below.

The views we have expressed dispose of certain objections to the instructions given to the jury. Other objections to the instructions and to rulings upon the admission of evidence are not of a character to demand attention. We reach the conclusion that the judgment of the district court ought to be AFFIRMED.