ELIZABETH FROHS v. THE CITY OF DUBUQUE, Appellant.

**Defective Sidewalks:** EVIDENCE. In an action against a city for an injury caused by falling over a loose board in a walk, there is no error in incidentally admitting evidence that the walk was afterwards taken up, and a new one laid in its place, to show how it came that witnesses knew the condition of stringers on which the boards were laid, where the court, in admitting the evidence, states that its scope should be so limited, no further limitation by instructions being asked.

OF NOTICE. In an action against a city for an injury from a defective sidewalk, evidence that it was built of old material is admissible on the issue of notice of its condition.

OF CONDITION. In an action against a city for an injury from a defective walk caused by tripping on a loose board, testimony of witnesses that they had tripped on the same board prior to the injury is admissible to show its previous condition and the manner in which it was discovered by the witnesses.

DAMAGES: *Married woman.* In an action by a married woman, residing with her husband, for injuries caused by defective sidewalk, she cannot recover the amount paid by her for domestic service during her disability.

NEEDLESS: *Harmless error.* In an action against a city for an injury from a defective walk, there was no error in the admission of ordinances to show that defendant had assumed the care and control of the sidewalks within its limits, though the ordinances were not pleaded. It was not necessary to introduce the ordinances to show assumption of care on part of the city because that was a duty which arose from the municipal character of defendant, which was not put in issue.

SUBMISSION OF UNAUTHORIZED ISSUE: *Want of prejudice.* Where the petition claims damages for an item to which plaintiff is *prima facie* not entitled, and the answer is a general denial, it does not warrant the submission of an issue as to the recovery therefor to the jury, though not objected to, where the evidence shows the item of damage, but does not show plaintiff's right to recover therefor. It is unlike a case where an issue not made is supplied by testimony which goes in without objection.

**Reversal:** SLIGHTLY EXCESSIVE VERDICT: *Objection below.* The judgment will not be reversed because the verdict is slightly excessive, and a remittitur will not be ordered where the matter has not been presented below for correction.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-NELL, Judge.

TUESDAY, OCTOBER 10, 1899.

ACTION at law to recover damages for personal injuries caused, as alleged, by the negligence of the defendant. From a verdict and judgment in plaintiff's favor, defendant appeals.—*Affirmed.*

*Duffy & McGuire* for appellant.

*Henderson, Hurd, Lenehan & Kiesel* for appellee.

WATERMAN, J.—Plaintiff was hurt by falling over a loose board in a walk. After her injury, the owner of the abutting lot took up the old walk, and laid a new one. Evidence of this fact was received over defendant's objection. It is manifest from the examination of the witness on this point, that the fact mentioned was elicited only incidentally. The circumstance of the old

walk being taken up was not offered as evidence tending to establish that it was defective, but merely as showing how it came the witnesses knew the condition of the stringers upon which the boards were laid. The court, in admitting the evidence, stated that its scope should be so limited. The admission of this evidence it is thought is contrary to the rule announced in *Cramer v. City of Burlington,* 45 Iowa, 627, and *Hudson v. Railroad Co.,* 59 Iowa, 581, but we cannot coincide in this view. In the first of these cases we held that the fact of a subsequent change made in the walk by defendant could not be received and considered as evidence of an admission of a previous defect. In the other case the decision was that evidence of subsequent repairs could not be received as tending to establish prior negligence. We are entirely satisfied with the doctrine announced in these cases, and do not think the action of the court in the case at bar is in any way in conflict with it. *Kuhns v. Railway Co.,* 76 Iowa, 67-71. It may be that the defendant was entitled to an instruction limiting the effect of the evidence to the extent stated, but, as no such instruction was asked, the failure to give it cannot now be taken advantage of. See the case last cited.

The next ground of complaint is that evidence was received relating to the original construction of the walk, which was built some considerable time before the accident to plaintiff. This testimony was to the effect that the walk was built of old boards and stringers. It was plaintiff's claim that the material in the walk was badly decayed, and that the city should have had notice of the defect. This evidence was not introduced, as defendant's counsel seem to think, in order to show negligence in the original construction, but only as bearing upon the question of notice to the city of the condition of decay. For this purpose it was properly admitted. *McConnell v. City of Osage,* 80 Iowa, 293; *Lorig v. City of Davenport,* 99 Iowa, 479.

One French and his wife were witnesses, and they were allowed to testify that, a few days before the accident to plaintiff, Mrs. French tripped upon the same loose board of which complaint is made in this case. It is insisted that the evidence of other accidents was not admissible; and this is correct, where such evidence is relied upon as substantive proof of an actionable defect. *Hudson v. Railroad Co.,* 59 Iowa, 581; *Croddy v. Railway Co.,* 91 Iowa, 598; *Malhews v. City of Cedar Rapids,* 80 Iowa, 459; *Langhammer v. City of Manchester,* 99 Iowa, 295. But in the case at bar the evidence was offered to show the existence of this particular loose board in the walk prior to plaintiff's injury, and the manner in which it was discovered by the witnesses. For this purpose the testimony was properly admissible. In *Hunt v. City of Dubuque,* 96 Iowa, 314, the question presented here was raised, and we said upon the subject: "The witness was also permitted to state that she had seen people stumble at the defective part of the walk, and that she saw an old gentleman stop, and push the board down with his cane. The testimony tended to show the condition of the walk, and was material for the purpose of showing that the condition continued until the accident occurred." *Smith v. City of Des Moines,* 84 Iowa, 685-688, also supports the ruling of the trial court in the case at bar. We also call attention, in this connection, to *Alberts v. Village of Vernon,* 96 Mich. 549 (55 N. W. Rep. 1022); *Moore v. City of Kalamazoo,* 109 Mich. 176 (66 N. W. Rep. 1089). Three of the authorities noted above as cited by appellant are cases where the defect complained of was in the original construction, and in the other *(Croddy v. Railway Co.),* which involved an accident at a railway crossing, one element of the negligence complained of was the excessive speed of the train. It is manifest that in none of these instances does the same reason obtain for admitting this kind of evidence as in the case at bar, where the effect was caused by time and changing conditions, and notice of it to defendant

had to be shown; and when also the evidence related to it specifically, and not to a general bad condition of the walk.

In order to show that defendant had assumed the care and control of the sidewalks within its limits, plaintiff offered in evidence an ordinance of defendant city providing for the laying of such walks, an amendment relating to their reconstruction, and also an ordinance providing for the appointment of a sidewalk commissioner. This evidence was objected to, but its introduction was permitted. This action of the court, it is insisted, was erroneous. The argument of appellant is that these ordinances were not admissible, because not pleaded. If this action was founded upon the ordinances, appellant's line of reasoning would apply; but such is not the case. We do not think plaintiff was called upon to offer proof of this kind. The municipal character of the defendant was not put in issue, and the duty sought to be proved attaches necessarily to that character. 2 Dillon Municipal Corporations, 998. But, if it was unnecessary to make the proof, it does not follow that the court erred in permitting it to be done. The ground argued here for the complaint is certainly not good. *Fernbach v. City of Waterloo,* 76 Iowa, 598.

Plaintiff was a married woman, residing with her husband. The twenty-first paragraph of the trial court's charge is challenged, as permitting the jury to award plaintiff, as part of her damages, the amount paid by her for domestic service during her disability. While the instruction is somewhat ambiguous, we are inclined to think appellant interprets it fairly. Under our repeated decisions, the right of action for the loss of the wife's services in the household is in the husband. *Hall v. Town of Manson,* 90 Iowa, 585, and cases cited. It is urged, however, that the petition specially claimed for this item; and as the answer was a general denial, and the evidence admitted without objection, the court was warranted in submitting the issue to the jury. We cannot concur in this

view. This is not a case where an issue not presented in the petition is supplied by evidence not objected to, as in *Collins v. Collins,* 46 Iowa, 60. Here, while the evidence showed the loss, it did not show a right of recovery in the wife. There was a failure of proof, and defendant took advantage of it by exception to the instruction. But there is another matter to be considered in this connection. The only objection presented by appellant to the instruction is that it authorized the jury to find in plaintiff's favor for loss of time, as stated. The amount paid by plaintiff on this account, and for which a recovery was permitted under this instruction, was just six dollars. We shall not reverse for this slight excess, and, as the trial court was not asked to order a remittitur, we shall not attempt a correction of the judgment in that manner. Our action in both of these respects has full support in *Van Gorder v. Sherman,* 81 Iowa, 403. In that case we refused to reverse for an error of twelve dollars and eighteen cents excess in the verdict, and declined to order a remittitur, because the matter had not been presented to the trial court for correction.—AFFIRMED.