IDA M. HALL, Administratrix, Appellee, v. CITY OF SHENANDOAH, Appellant.

**MUNICIPAL CORPORATIONS:** Negligence—Obstruction in Street

1 —Occurrences Subsequent to Injury—Competency. Evidence that people fell over an obstruction in a street *after* the occurrence of an injury in question is not admissible to show either (a) negligence on the part of the city, or (b) notice to the city; but it is not prejudicially erroneous to incidentally receive such evidence *for the purpose of showing how and in what manner the existence of the obstruction was impressed upon the mind of the witness.*

**APPEAL AND ERROR:** Presentation and Reservation of Grounds—

2 Limiting Testimony—Waiver. Failure to in some manner request the court to specifically limit the consideration of testimony *to the particular purpose for which it is admissible,* may work a waiver of the objection that the jury considered such testimony for purposes for which it was not admissible.

**TRIAL:** Cross-examination—Unduly Limiting—Harmless Error.

3 Unduly limiting a cross-examination is harmless error when the improperly excluded matter is otherwise fully developed.

APPEAL AND ERROR:    Harmless Error—Excluding Admissible
4    Evidence on Undisputed Condition.  Harmless error results from
improperly excluding evidence bearing on a matter fully estab-
lished, in keeping with the contention of the one complaining.

TRIAL:    Conduct of Counsel—Discourtesy to Opposing Counsel and
5    Witnesses.  Discourteous language by counsel to the opposing
counsel and witnesses does not of itself constitute ground for
reversal.

TRIAL:    Instructions—Form, Requisites and Sufficiency—General-
6    ization.  Instructions need not specifically mention each and
every class of testimony which the jury may or should con-
sider on a matter in issue; it is sufficient for the court to
direct the jury to consider *all* the evidence bearing on such
issue; especially is this true when no special requests are
made for a more particular designation.

APPEAL AND ERROR:    Determination of Appeal—Law of Case—
7    Instructions.  An instruction, the correct form of which, in
the light of appellant's attack thereon, has been declared on one
appeal, becomes the irrevocable law of the case; on second
appeal, the same appellant will not be permitted to launch at-
tacks which had escaped his attention on the first appeal.  So
held with reference to an instruction defining contributory
negligence.

*Appeal from Shenandoah Superior Court.*—GEORGE H. CAS-
TLE, Judge.

MONDAY, MAY 14, 1917.

ACTION to recover damages for personal injury oc-
casioned by falling over an obstruction on a public street.
Verdict and judgment for the plaintiff.  Defendant appeals.
—*Affirmed.*

*Denver L. Wilson,* and *Thos. W. Keenan,* for appellant.

*Earl R. Ferguson,* and *C. R. Barnes,* for appellee.

GAYNOR, C. J.—This case comes to us a second time on
appeal from a verdict and judgment in favor of the plain-
tiff.  The former opinion may be found in 167 Iowa 735.

The action is to recover damages, claimed to have re-
sulted from falling over a wooden trough extending across

the sidewalk, from a building on a business street. The fall occurred on the 18th day of December, 1912. It is claimed that the trough had been negligently permitted to remain in this position; that it obstructed public travel and rendered the street dangerous to pedestrians; that it had been permitted to remain there for a long time prior to the accident; that the defendant city had notice of the condition, either actual or constructive, in time to have removed it before the injury. After the commencement of this action, Hall died, and his administrator was substituted, but not until after he had given his testimony on the former trial. We take it that his testimony as given on the former trial was submitted to the jury on this trial.

It appears in the record before us that the trough about which complaint is made was about 12 feet long, extending from the building across the sidewalk, and about 6 or 8 inches wide and 4 or 5 inches high. The accident occurred about 8:15 in the evening. A more particular description of the place and the trough and the conditions surrounding is not material to the controversy as presented on this appeal.

On this trial, a verdict of $521.65 was returned for the plaintiff. No motion for a new trial was filed. Judgment was entered on the verdict, and the defendant appeals, and complains:

I. That the court erred in allowing witnesses to testify to falling over the trough in question after the injury complained of.

**1. MUNICIPAL CORPORATIONS: negligence: obstruction in street: occurrences subsequent to injury: competency.** On the former trial of this case, it was complained that several witnesses had been permitted to testify that they had fallen over this same trough previous to Hall's accident. This court said:

"The theory upon which the testimony was offered, as disclosed by the interrogatories, was that

the fact of having fallen over it tended to fix its condition in the mind of the witness, and in argument it is recognized that this court had held such evidence competent upon the question of proving notice to the city of the dangerous condition, by showing its existence for such a time that, in the exercise of ordinary care, the condition should have been discovered."

That such evidence is admissible for that purpose, see *Bailey v. City of Centerville,* 115 Iowa 271; *Wilberding v. City of Dubuque,* 111 Iowa 484, and other cases cited in that opinion. It is the holding of this court that evidence tending to show that other people fell over the alleged obstruction before the accident, is competent as bearing upon the question of notice to the city. It is contended, however, that no authorities are found which authorize the showing of this fact where it occurred after the injury. We may concede that such evidence is not competent for the purpose of charging the city with negligence, and we may further concede that such evidence is not competent for the purpose of charging the city with notice of the alleged defect. The defect must exist, and notice of the defect must be brought home to the city before the accident, if the defect is one for which the city is not liable without notice. If the city is not liable without notice, then surely it follows that notice after the injury would not be such notice as would enable it to repair before the accident and avoid the injury. If evidence of the falls over this trough was introduced for the purpose of showing notice to the city, or for the purpose of showing negligence on the part of the city, then clearly the evidence was not competent, for the reason that these falls were all subsequent to the injury. If admitted for either purpose, there clearly would be error, and if the jury had been permitted or directed to consider it on either of these questions, there would be manifest error.

The complaint in this respect is confined to two witnesses, Mrs. Schneider and Miss Reynolds, both called on the part of the plaintiff. Both these witnesses were called for the purpose of showing the existence of the trough at the point where it is claimed the accident occurred. Mrs. Schneider testified that she lived in Shenandoah; that she frequently passed the place where it is claimed this injury occurred; that she noticed the trough in question; that it used to extend to the telephone post. Miss Reynolds testified that she, too, had noticed the trough, and thought that it did not come up to the telephone post. Both of these witnesses were then asked whether or not there was anything that fixed in their minds the fact that they had observed this trough and its location. Mrs. Schneider was asked:

"What is that particular instance that happened that fixed in your mind there was a trough across the walk?"

Miss Reynolds was asked:

"Was there anything that happened to you, or that you observed, that refreshes it now in your recollection so that you recollect the trough being there?"

Both answered that, subsequent to the happening of the accident in question, they had fallen over the trough. One fixes her fall at about the 23d of December; the other, on the 24th of December. Neither of them seems to be very definite and certain as to the particular time. While fixing her fall on the 23d of December, Mrs. Schneider insists that it was before the happening of the injury to the plaintiff. She says, "Yes, I am sure about those dates, but I remember it was prior to Mr. Hall's injury." We may assume, however, for the purposes of this case, that the falls occurred subsequent to the injury, and yet we think that the evidence did not impinge upon the rule heretofore stated. This was not offered as substantive testimony tending to show any negligence on the part of the defendant

prior to the injury, nor any notice to the defendant of the existence of the trough. It simply came incidentally, as tending to show the reason why these witnesses remembered the existence of the trough at this location prior to the injury—why it was impressed upon their minds. The trial did not occur until some time after the injury. Both were called for the purpose of showing the location of the trough. Each said that she had observed the trough and where it was located. Then, for the purpose of showing how she came to remember so particularly this obstruction in the street, she was questioned, and answered that she fell over it a few days subsequent to the happening of the injury. The whole record discloses that there is no substantial controversy as to the location of this trough. Under the rule recognized in *Frohs v. City of Dubuque*, 109 Iowa 219, we think there was no error in allowing this evidence to come in, under the circumstances and for the purpose for which it was offered and introduced. In the *Frohs* case, the plaintiff was hurt by falling over a loose board in a walk. After the injury, the owner of the abutting property took up the old walk and laid a new one. Evidence of this fact was received over defendant's objection. The court said:

"It is manifest, from the examination of the witness on this point, that the fact mentioned was elicited only incidentally. The circumstance of the old walk being taken up was not offered as evidence tending to establish that it was defective, but merely as showing how it came the witnesses knew the condition of the stringers upon which the boards were laid."

In that case, it was said that the fact of a subsequent change made in the walk could not be received and considered as evidence of an admission of a previous defect; that evidence of subsequent repairs could not be received as tending to establish prior negligence. The court further said:

"It may be that the defendant was entitled to an instruction limiting the effect of the evidence to the extent stated, but, as no such instruction was asked, the failure to give it cannot now be taken advantage of."

So we say here. This evidence came in simply as an incident to the main fact sought to be proven by these witnesses, to wit, that they had observed this trough and its location. Their testimony touching the fall was only given for the purpose of explanation as to how they came to remember the existence and location of this trough. It is not claimed—in fact the testimony negatives any such claim—that any change had taken place in the condition or location of the trough between the time of the happening of the injury and the fall over the trough by these witnesses. Clearly then, it could not have been prejudicial to any of the rights of the defendant in this case. The character of the trough, its location, height, length, and width, were before the jury. It was before the jury that the location of this trough had not been changed or altered in any way between the time of the happening of the injury and the fall over it by these witnesses.

2. APPEAL AND ERROR: presentation and reservation of grounds: limiting testimony: waiver.

We think the complaint is without merit, and the case ought not to be reversed on this ground. If the defendant had deemed the matter as serious as it now contends, it could easily have had this evidence restricted by the court to the legitimate purpose for which it was offered, and, by so doing, could have avoided the prejudice, if any there was, of which it now complains. No such instruction was asked, and we think the complaint comes now too late.

3. TRIAL: cross-examination: unduly limiting: harmless error.

II. It is next contended that the court unduly restricted the defendant in cross-examination of one of plaintiff's witnesses, a Dr. Stotler. It appears that among plain-

tiff's items of damage was a claim for medical treatment. Dr. Stotler treated him. He testified as to the treatment given, and that he made a charge of $15 for treating and dressing the fracture; that the same is a fair charge. No question had been asked this witness on direct examination touching his treatment of the plaintiff for other ailments. On cross-examination, he was asked, "Now you were treating him for other ailments at the same time you were treating him for this injury?" Objection to this was sustained on the ground that it was not cross-examination. Counsel for defendant then explained that he was trying to show by this witness how he arrived at the charge of $15 for this particular work. We think the counsel might well have been permitted to do this. This witness was called by the plaintiff to show the expense incurred in medical treatment, and that this charge testified to by the doctor was reasonable. But, however that may be, the error, if any, was without prejudice, for the reason that, immediately following this adverse ruling, the witness testified, without objection, "I was treating Mr. Hall for cancer of the liver at the same time I was treating him for these injuries. When I got through treating him, I made an estimate of what my charge ought to be for the time and care put in. Mr. Hall's ribs were split on the outside and bent in." The very matter sought to be elicited by the question to which the objection was sustained, was fully presented to the jury in the testimony of this witness subsequently placed in the record without objection, as above set out.

**4. APPEAL AND ERROR: harmless error: excluding admissible evidence on undisputed condition.** Complaint is made of the action of the court in not permitting the witness Mary Jamieson, on cross-examination, to answer the following question: "At the time of the injury, he had got so he walked with a cane, had he not?" Objection to this was sustained. The complaint made is that, by this testimony, defendant sought to

show that Hall was in a weakened and feeble condition before the injury, and that this fact had a material bearing as to whether or not his condition was changed after the accident, or whether it was practically the same as before. We see no reason why the witness should not have been permitted to answer this question, except that it was not a disputed fact in the case. The evidence discloses that he was walking with a cane at the time he received the injury. The evidence might have tended to show, in a feeble way, the ultimate fact contended for. The whole record shows, however, that he walked with a cane before the injury, and that he walked with a cane after the injury. This question, if answered, would not have tended to show that his manner of walking was any different after the injury than it was before, or before the injury than it was after. This bit of evidence would have been merely cumulative, and would not have made more manifest the ultimate fact contended for, had the witness been permitted to answer. Further, as showing conclusively that no prejudice could have resulted to the defendant from the sustaining of this objection, counsel for defendant, in his argument, says that considerable testimony was introduced in the record as to the physical condition of Hall prior to the injury, and it was shown that, at the time, he was a decrepit, tottering old man, suffering with cancer of the liver. We think this question demands no further consideration. Other matters in testimony are complained of which we pass by, feeling that they do not demand any treatment at our hands.

III.    It is next contended that counsel **5. TRIAL: conduct of counsel: discourtesy to opposing counsel and witnesses.** was guilty of unprofessional and prejudicial conduct in the trial of the case in the presence of the jury. These matters are of such character that we really ought not to give our time to a consideration of them. To hold attorneys to the strict responsibility which counsel suggests,

and to reverse cases for conduct that savors only of discourtesy to counsel or to witnesses, would bring us to a point where very few verdicts would be permitted to stand. For instance, it is claimed that a witness was being examined as to which way would be the farthest to the cafe, and he testified that it was farthest the way Mr. Hall had taken; that he had stepped it off, and that Mr. Hall had pursued a route that required three more steps than he would have been required to take if he had taken the other way; to which counsel for the plaintiff remarked, "That is wonderful, as I said before." Another instance: A witness had testified that he and Mr. Hall were very good friends. He was then asked, "Are you a good friend of Mrs. Hall's, too?" To which the witness replied, "I don't know the lady at all, only just at sight;" to which counsel for the plaintiff remarked, "That is to her credit." To this remark, counsel for the defendant took exception. Counsel for plaintiff attempted to withdraw the remark, but the court only remarked, "Proceed with the trial."

At another point, a witness was asked, "Do you know when it was that Mr. Hall came home on the night of the 10th of December, 1912?" To which she answered, "I could not tell anything about the 10th of December, because Mr. Hall never had a fall to my knowledge." The defendant moved to strike out the answer, but counsel for the plaintiff remarked, "Let it go out and stop the roar." These are fair samples of the misconduct of counsel complained of. We will not pursue the matter further. No reversible error can be found here.

IV. It is next contended that the court

6. TRIAL: instructions: form, requisites and sufficiency: generalization.    erred in its instructions to the jury. It is claimed that, in the seventh paragraph, the court did not authorize the jury to take into consideration, on the question of contributory negligence, the physical condition of Hall as it existed at the time of

the injury; that the practical effect of the instruction was to exclude from the consideration of the jury, as bearing upon the question of contributory negligence, any phase of the physical condition of the plaintiff at the time of and immediately before the injury. It is claimed that, on the former trial of this case in this court, this evidence was specifically held to be competent upon this question. Criticizing this seventh instruction, it is said that it limits the jury to the facts and circumstances surrounding the accident as they appeared in the evidence, but does not authorize the jury to take into consideration the physical condition of Hall. In this seventh instruction, the court said to the jury on this point:

"Contributory negligence may be defined to be such negligence on the part of plaintiff as operates concurrently with the negligence of the defendant in producing the injury, and as its proximate and operating cause; and if you find from the evidence and the surrounding circumstances of the case that there was such contributory negligence on the part of Hall in this case, you must find for the defendant. In considering the question of contributory negligence, you are instructed that Hall was bound to use only such care for his own safety as a man of ordinary care and prudence would exercise under like conditions and circumstances while walking on a public street or sidewalk. In determining whether or not he was guilty of contributory negligence, you will take into consideration all the facts and circumstances surrounding the accident as they appear in the evidence, having regard to the time of day, the lightness or darkness of the place of the accident, and the location of the obstruction."

The complaint of this instruction is that the court failed to tell the jury that they should consider the physical condition of the plaintiff, in determining whether he was guilty of negligence contributing to his injury. It is con-

tended that the court should have told the jury that they must take into consideration the physical condition of Hall at the time he attempted to walk on the sidewalk. The court did say that they should take into consideration *all the evidence.* The physical condition of Hall was in evidence. The court further said that they should take into consideration the fact that he was bound to exercise such care for his own safety as a man of ordinary care and prudence would exercise *under like conditions.* If the defendant had desired this to be more specific in this particular, it should have asked an instruction amplifying this fact for the consideration of the jury. We think, however, that the instruction as given, without request for a more amplified instruction, covers the point now complained of. It is not contended that the instruction does not state the law in this respect, but it is the contention that it did not state all the facts and circumstances which the jury were entitled to consider in determining the question as to whether or not he acted as a reasonably prudent man should act under like circumstances. The physical condition of Hall was before the jury. The time, place and circumstances under which he was moving were before the jury. Just how he deported himself in his movements was before the jury. Every fact essential to a proper application of the rule to the facts of this case was before the jury. The instructions are intended as a guide to the jury as to the law, and its application to the facts in controversy. We must assume that the jury had sufficient intelligence and experience and learning to understand the ultimate facts upon which they were required to rest their verdict. They were distinctly told that, if Hall was guilty of contributory negligence, negligence contributing to his injury, he could not recover. They were clearly told what constituted that negligence which would defeat recovery. The court generalized as to the facts to be considered by the jury, and correctly so.

The instruction did not set out specifically all the facts bearing upon this ultimate question. It did not direct the jury to ignore this fact in their consideration. It was a fact to be considered, of course. It was before the jury. This fact was not withdrawn, or even minimized in the instruction.

Further complaint is made of this in-

7. APPEAL AND
ERROR: deter-
mination of
appeal: law of
case: instruc-
tions.

struction, and it is said that the instruction is wrong in so far as it says to the jury that contributory negligence, which defeats recovery, is that operating concurrently with the negligence of the defendant in producing the injury, *and as its proximate and operating cause.* These last words are disapproved of by counsel, and it is said that the contributory negligence need not be the proximate and operating cause of the injury in order to defeat recovery; that it is sufficient if it contribute in any degree to the injury.

If this objection were timely, we might be inclined to agree with counsel. On the former trial of this case, this instruction, so far as it is complained of now, was submitted to the jury and on appeal to this court was complained of, and it was said:

"In submitting the case, the trial court defined contributory negligence as follows: 'Contributory negligence may be defined to be such negligence as is the proximate or direct cause of the injury complained of, and if you find from the evidence that there was such contributory negligence, * * * you must find for the defendant,' " etc.

On that hearing, it was said by this court:

"The fault in this instruction is that it omits to state that the negligence of the plaintiff, which constitutes contributory negligence, must operate concurrently with the negligence of the defendant in producing the injury, and as its proximate and co-operating cause. * * * We think

the faulty statement was cured by what was otherwise given to the jury."

The instruction then considered was substantially in all respects the same as the instruction given upon this last trial now under consideration. It became the law of the case. It was said:

"We doubt if, considered as a whole, the quoted definition was prejudicial, although of itself insufficient. The purpose of the trial court to state the relative duties of the parties is clear from all the instruction."

If this particular point were not raised on the former appeal when this instruction was complained of and submitted to this court for its approval or disapproval, it was the fault of appellant. This court approved the law as stated, with suggestions which were followed, and it now stands as the law of the case.

In so far as the instruction now complained of differs from the instruction given on the other trial, the difference rests only in the change suggested by this court, on the complaint of defendant. The trial court complied with the criticism of this court, and amended the instruction. In all other respects, it is the same as that given at the former trial, and was approved by this court. With this amendment, it stands approved by the former judgment of this court. Whether right or wrong, it is the law of the case.

Other complaints are made of the instructions, but they are general, and, without any suggestion of unkindness, we have to say that they are extremely hypercritical, and too labored to place upon us the burden of labor in answering. Some criticism is made of the conduct of the court in the trial. An examination of this record shows such complaint to be wholly unfounded.

A review of this record satisfies us that, in no event, would the jury be justified in finding contributory negligence on the part of Hall. We think all the evidence and

facts and circumstances negative any such thought. We are, therefore, less inclined to reverse on account of what might appear to be an error in defining what constitutes contributory negligence. Upon the whole record, we think the verdict and judgment are right, and we therefore affirm the same.—*Affirmed.*

LADD, EVANS and SALINGER, JJ., concur.