MAUD SWAN, Appellant, v. F. R. DALBEY, Appellee.

**LIMITATION OF ACTIONS:** Amplifying Amendment. An allega-
1 tion that plaintiff's fall and resulting injury were due to the sickening effect of poisonous gases, negligently allowed to escape from a defective stove, may, *after the statute of limitation has fully run*, be amended by alleging that such fall and injury were also caused by an *explosion* of the said stove.

**PLEADING:** Variance. An allegation that an employee's fall and
2 resulting injury were caused (1) by the sickening effect of poisonous gases escaping from a defective stove, and (2) by the explosion of such stove, with proof of only *one* of said causes, presents no fatal variance.

**NEGLIGENCE:** Contributory Negligence of Servant. It is revers-
3 ible error (Sec. 3593-a, Code Suppl. Supp., 1915,) to instruct that a *servant* must affirmatively show freedom from contributory negligence, *even though the servant has alleged such freedom*, and even though the record, negatively speaking, does not reveal any act of contributory negligence.

*Appeal from Clarke District Court.*—HOMER A. FULLER, Judge.

OCTOBER 19, 1920.

ACTION at law to recover damages for personal injury. Verdict and judgment for defendant, and plaintiff appeals. —*Reversed.*

*W. S. Hedrick* and *Temple & Temple,* for appellant.

*O. M. Slaymaker,* for appellee.

WEAVER, C. J.—The plaintiff was employed by the defendant, to assist in cleaning a room in a building owned by the latter. To warm the room and to heat the water for the work, defendant furnished a gasoline stove. This stove, the plaintiff charges, was in a worn, dilapidated, and defective condition; and, while she was standing on a counter, engaged in the work for which she was engaged, she was overcome by the noxious gases escaping from the defective stove, and caused to fall to the floor, receiving a severe injury, all of which she alleges was occasioned by the defendant's negligence with respect to the condition and use of such stove. On these allegations the defendant took issue, and the cause was tried to a jury, which returned a verdict for the defendant. At the close of the plaintiff's testimony, defendant moved for a directed verdict in his favor. The motion was overruled, and the defendant proceeded to offer testimony in his own behalf. At the close of all the evidence, the motion to direct was renewed, and again overruled.

In its charge to the jury, the trial court, among other things, instructed that, before she would be entitled to a verdict, plaintiff was required to "prove by a preponderance of the evidence * * * that she herself did not, by any negligence on her part, contribute to the happening of the accident which caused the injury claimed." This instruction was emphasized by being four or more times repeated in the course of the charge. Exception was taken to these instructions, and the error therein was made the

ground of a motion for new trial. The motion was denied, and judgment was entered on the verdict against plaintiff for costs.

That the instructions referred to were erroneous, is manifest. Code Supplemental Supplement, 1915, Section 3593-a. To avoid a reversal because of the error, the appellee urges the following propositions:

I. That the error was without prejudice to appellant, because her claim was barred by the statute of limitations. This argument is predicated on the fact that, in her orig-

1. LIMITATION OF ACTIONS: amplifying amendment.

inal petition, plaintiff's complaint showed that her injury occurred on March 28, 1916, and alleged that, because of the defective condition of the stove and the noxious gases and vapors therefrom, she became sick and unconscious, and fell. Later, and more than two years after the date of the accident, plaintiff amended her petition, again alleging that, by reason of the defective stove, the room was filled with gas from the gasoline, whereby she was smothered and overcome, and that an explosion occurred with such violence as to throw her to the floor. On the theory that the amended petition set up a new cause of action, defendant pleaded in defense the statute of limitations; and such statute is now insisted upon as sufficient reason for holding the erroneous instruction concerning contributory negligence to have been without prejudice.

In our judgment, there is no merit in the point thus made, for the sufficient reason that the amended petition does not set up a new or different cause of action. It pleads the same alleged wrong described in the first petition, and does no more than to amplify and make more specific the charge made in the prior pleading. See *Gordon v. Chicago, R. I. & P. R. Co.,* 129 Iowa 747, 750; *Kuhns v. Wisconsin, I. & N. R. Co.,* 76 Iowa 67; *Van Patten v. Waugh,* 122 Iowa 302; *Thayer v. Smoky Hollow Coal Co.,* 129 Iowa 550; *Blake v. City of Bedford,* 170 Iowa 128, 136; *Hankins v. Young,* 174 Iowa 383, 388; and *Hobbs v. Illinois Cent. R. Co.,* 182 Iowa 316, 320. The plea of the statute of limitations is,

therefore, not available to the defendant.

II.   It is further contended for appellee that the evidence does not show that an explosion occurred, or how plaintiff was injured; and, moreover, that her testimony is unreasonable and incredible; and that it "is physically impossible for her story to be true," and because thereof she suffered no prejudice by allowing the verdict to stand.

2. PLEADING: variance.

It was not essential to a recovery by her that plaintiff should prove that there was an explosion. Her petition, both in its original form and as amended, charged defendant with neglect, in providing a defective and unsafe stove, and that, by reason thereof, the room became filled or charged with gas from the gasoline, from which she became sick, and was overcome and choked. It is true that, in the amendment, she further charges that an explosion occurred, and she was thrown to the floor; but, to entitle her to recover, it was not necessary for her to prove all the incidents and details described in her pleading. If her testimony had any fair tendency to prove the negligence charged, and that, by reason thereof, the air in the room where she worked was permeated with noxious gases, the breathing of which made or caused her to become sick or faint, and to fall, then she was entitled to have her claim for damages go to the jury, under appropriate instructions by the court, whether she did or did not prove the additional allegation that there was an explosion. The court cannot say, as a matter of law, that her testimony is unbelievable, or that the truth of her story is "physically impossible." Her credibility is a question for the jury.

III.   Next, it is said for the appellee that the error into which the court fell in its instructions was invited by the plaintiff, and that she cannot now complain of it. This conclusion is sought to be drawn from the fact that the petition, after charging the defendant with the alleged negligence, and injury resulting therefrom to herself, follows it with an allegation that she "did not, by any negli-

3. NEGLIGENCE: contributory negligence of servant.

gence on her part, contribute to said injury." In our judgment, the record before us presents nothing calling for application of the rule which precludes a party to an action from taking advantage of an error which he himself invites or causes. The allegation in the petition that plaintiff did nothing to contribute to her own injury was redundant and unnecessary, and she was not bound to prove it, in order to make a case.

She asked no instruction such as was given. It was the duty of the court, without request, to give the jury proper instructions upon all issues joined. An omission to instruct upon a pertinent proposition of law may sometimes be disregarded, as being, under the particular circumstances, nonprejudicial; but a positively incorrect instruction is very rarely of harmless character. *Capital City B. & P. Co. v. City of Des Moines*, 136 Iowa 243; *State v. Pennell*, 56 Iowa 29, 31. The error here complained of was not invited by the plaintiff.

IV. Finally, it is said that there is no evidence tending to show contributory negligence on the part of the plaintiff, and that, for that reason, the instruction casting the burden upon her was without prejudice; and we are cited to some precedents which are thought to so hold. None of the cases mentioned is quite in point here. If the instructions as given were correct, and the burden was upon plaintiff to show herself free from contributory negligence, then she could not safely rest upon the theory that no negligence on her part has been shown, but, in order to recover, she was required to make affirmative proof of her due care for her own safety. The erroneous charge that she was bound to negative contributory negligence was impressed upon the minds of the jurors in several different paragraphs of the court's charge, and we think it not within the province of the court to assume that the error was without prejudice. The judgment below is reversed, and cause remanded for new trial.—*Reversed and remanded.*

LADD, STEVENS, and ARTHUR, JJ., concur.